**UNITED STATES of America**

v.

**John David CRATTY, Defendant.**

**Crim. No. 88–10030.**

United States District Court,
D. Idaho.

Oct. 5, 1988.

Maurice O. Ellsworth, U.S. Atty., D. Idaho, Kim R. Lindquist, Asst. U.S. Atty., Boise, Idaho, for the Government.

Brian R. Saltus, Saltus & Martelle, Boise, Idaho, for defendant.

## FINDINGS OF FACT AND ORDER

RYAN, Chief Judge.

Defendant has been adjudged guilty of one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5845, pursuant to a plea of guilty entered July 25, 1988.

A Presentence Investigation Report has been prepared pursuant to Rule 32, Federal Rules of Criminal Procedure. This report has tentatively identified the sentencing guideline range at six to twelve months imprisonment, based on a total Offense Level of 10 and a Criminal History category of I.

Specific objections have been made by defendant concerning the presentence report. The government has made no objections. Oral argument was presented on those objections. The court finds that all non-controverted facts contained in the presentence report are true and accurate. The specific objections, and the court's findings, are as follows:

BY THE DEFENDANT:

*Objection:* That the base Offense Level should be reduced by six levels pursuant to Section 2K2.2(b)(3), since the firearm was obtained solely for sport, recreation, or collection.

■ *Finding:* The court notes that the firearm involved is a sawed-off shotgun with a barrel length of seven and one-half inches and an overall length of eleven inches. According to the application notes to Section 2K2.2(b)(3), in deciding whether the six-level reduction applies, the court is to consider the type of firearm involved. As noted by the presentence report, the primary use for a sawed-off shotgun is to inflict serious injury at close range. Defendant's objection on this point is overruled.

*Objection:* The court should take into account the fact that defendant quickly summoned aid after the firearm discharged, wounding one Katie Jensen.

■ *Finding:* The guidelines make no provision for any reduction in the offense level for these exact circumstances, and defendant has not advised the court as to precisely how these facts should affect his sentence. Defendant's conduct does tend to show acceptance of responsibility on his part. However, the court notes that the guideline calculations by the Probation Office already include a two-level reduction for acceptance of responsibility. Thus, no further reduction for defendant's acts is warranted, and to the extent that defendant seeks a further reduction based upon this objection, it is overruled.

OTHER FINDINGS:

The court finds, based upon review of the financial condition and assets of the defendant, that he lacks the capacity to pay any fine.

The court finds that supervised release after a term of confinement is appropriate in this case, based upon defendant's history of substance abuse.

■ The court finds that imposition of the minimum sentence within the guideline range is appropriate. Although the six-level reduction of section 2K2.2(b)(3) is not applicable, it appears that defendant's motive in purchasing the firearm was not criminal. Also, defendant's acceptance of responsibility and his quick attention to Ms. Jensen after the accidental shooting are mitigating factors which warrant sentencing at the low end of the guideline range. At the sentencing hearing, the court misspoke in stating that it would impose the

**64**

maximum sentence in the guideline range, and this paragraph supersedes any statement made in the findings stated at the sentencing hearing.

The court finds that there are no facts which warrant departure outside the guideline range.